UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LAURIE MUNNING,<br><br>          Plaintiff,<br><br>     v.<br><br>NORDSTROM, INC., *et al.*,<br><br>          Defendants. | NO. C19-1810RSL<br><br>ORDER GRANTING DEFENDANT'S MOTION TO COMPEL ARBITRATION |

This matter comes before the Court on "Defendant Nordstrom, Inc.'s Motion to Compel Arbitration or, in the Alternative, to Dismiss." Dkt. # 11. Plaintiff Laurie Munning was a regular Nordstrom customer, with accounts with Nordstrom Rack, Nordstrom, and Nordy Club. She filed this complaint in 2019 alleging that Nordstrom's brick and mortar stores in New Jersey employ a uniform and deceptive practice of including fictitious and inflated comparison prices on each price tag to give the false impression that the goods are worth more than the purchase price and/or are being offered at a discounted price. Nordstrom seeks dismissal of the claims, arguing that arbitration agreements formed when plaintiff made purchases through Nordstrom Rack's website or signed up for her Nordy Club account require that this dispute - or at least the gateway issue of whether the dispute falls within the scope of the agreements - must be resolved in arbitration.

Having reviewed the memoranda, declarations, and exhibits submitted by the parties, the Court finds as follows:

ORDER GRANTING DEFENDANT'S
MOTION TO COMPEL ARBITRATION - 1

(1) Through decades of small, incremental steps favoring arbitration, we have come to the point where a party will be compelled to arbitrate a particular dispute even where there is no colorable claim that she ever agreed to do so. Such is the case here.

(2) Because plaintiff had reasonable notice that her registration for Nordy Club and her on-line purchases were subject to contractual terms and conditions that were available through a co-located hyperlinked alert,[1] the Court finds that she assented to those terms and conditions when she continued with the transactions. *See Chen v. Sierra Trading Post, Inc.*, 2019 WL 3564659, at *2-3 (W.D. Wash. Aug. 6, 2019) (collecting and analyzing cases regarding mutual assent in the context of electronic consumer transactions).

(3) Although the court generally determines whether a particular dispute falls within the scope of the agreement to arbitrate, *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 84 (2002), the parties may expressly delegate this gateway issue to the arbitrator by clear and unmistakable evidence of such intent, *AT&T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 649 (1986). The Nordy Club contract clearly and unmistakably provides that "disputes about the validity, enforceability or scope of this arbitration provision" fall within the definition of "Nordy Club Dispute" and must be arbitrated. Dkt. # 11-2 at 22.[2]

---

[1] Defendant has submitted evidence that plaintiff would have had to agree to Nordy Club's terms and conditions during the registration process. Dkt. # 11-1 at ¶ 2. With regards to her on-line purchases, plaintiff either logged into her Nordstrom Rack account directly above a hyperlink alert that "By logging in, you agree to our **Privacy Policy** and **Terms & Conditions**" (Dkt. # 11-1 at ¶ 4; Dkt. # 11-2 at 33 and 38) or continued as a guest and clicked the PLACE ORDER button immediately below a hyperlink alert that "By placing your order, you agree to our **Privacy Policy** and **Terms & Conditions**" (Dkt. # 11-1 at ¶ 5; Dkt. # 11-2 at 43).

[2] The Nordstrom.com Terms and Conditions, on the other hand, do not provide clear and unmistakable evidence that the parties intended to arbitrate disputes regarding whether a particular dispute falls within the scope of the agreement. Defendant's artful use of ellipses notwithstanding, the provision stating that the arbitration agreement limits certain rights "EXCEPT AS" provided in the AAA

ORDER GRANTING DEFENDANT'S
MOTION TO COMPEL ARBITRATION - 2

(4) Defendant's argument that the Nordy Club arbitration provision applies to plaintiff's in-store purchases of goods appears to be meritless. There is no evidence that, in making the in-store purchases, plaintiff accessed the Nordy Club program in any way. Nevertheless, the Supreme Court recently made clear that where the parties have "delegate[d] the arbitrability question to an arbitrator, a court may not override the contract . . . even if the court thinks that the argument that the arbitration agreement applies to a particular dispute is wholly groundless." *Henry Schein, Inc. v. Archer and White Sales, Inc.*, __ U.S __, 139 S. Ct. 524, 529 (2019). The Court was not concerned that frivolous motions to compel arbitration would be a problem: it expressly chose to rely on the arbitrator's ability to "to respond to frivolous arguments for arbitration by imposing fee-shifting and cost-shifting sanctions" to deter wholly groundless motions to compel arbitration. *Id.* at 531.

For all of the foregoing reasons, defendant's motion to compel arbitration (Dkt. # 11) is GRANTED. The Court need not consider the alternative motion to dismiss. Plaintiff shall proceed to arbitration if she intends to pursue the claims asserted in the complaint. The Clerk of Court is directed to enter a statistical termination in this matter.

Dated this 31st day of March, 2020.

*[signature: Robert S. Lasnik]*
Robert S. Lasnik
United States District Judge

---

or JAMS rules does not reflect an intent to further limit rights through the AAA or JAMS rules. Dkt. # 11-2 at 5.

ORDER GRANTING DEFENDANT'S
MOTION TO COMPEL ARBITRATION - 3